**EXHIBIT "A"**



Justin Weinstein, Esq.
Danielle Zukowsky, Esq.

Hector Yasmani

CLIENT NAME

## CONTINGENCY FEE CONTRACT AND RETAINER AGREEMENT

This is a legal contract between **WEINSTEIN LEGAL** (hereinafter the **"FIRM"**) and myself ___Hector Yasmani___ (hereinafter "**CLIENT**"). The purpose of this contract is so that I may retain the legal services and advice of the FIRM in regards to a ___Auto Accident___ that occurred on or about ___JUNE 26___ 20 __19__ .

**CLIENT HAS BEEN ADVISED** and understands that the fee for legal representation in the above listed matter is based upon the **gross amount of money which the FIRM recovers for me,** in accordance with the guidelines and limits established by the Supreme Court of the State of Florida with regards to this type of case is as follows**:**

A. **If settled before a lawsuit is filed or answered or before the demand for appointment of arbitrators:**

33 1/3 %   of any amount up to $1,000,000.00; **plus**

30%   of any portion of the recovery between $1,000,000.00 and $2,000,000.00; **plus**

20%   of any portion of the recovery exceeding $2,000,000.00.

It is agreed and understood that this employment is on a contingency fee basis. If no recovery is made, I will not be indebted to my attorney for any sum whatsoever as attorney's fees.

B. **If settlement is achiever or recovery obtained after the filing of an answer or the demand for appointment of arbitrators through the entry of judgment; or if no answer is filed or no demand for appointment of arbitrators is made, and settlement is achieved or recovery obtained after the expiration of the time period provided to file an answer (20 days from the date the complaint is served) or demand for appointment of arbitrators:**

   40%   of any recovery up to $1,000,000.00; **plus**

   30%   of any portion of the recovery between $1,000,000.00 and $2,000,000.00; **plus**

   20%   of any portion of the recovery exceeding $2,000,000.00.

   It is agreed and understood that this employment is on a contingency fee basis. If no recovery is made, I will not be indebted to my attorney for any sum whatsoever as to attorney's fees.

C. **If all defendants admit liability at the time of the filing of their answers and request only a trial on damages:**

   33 1/3%   of any recovery up to $1,000,000.00; **plus**

   20%       of any portion of the recovery between $1,000,000.00 and $2,000,000.00; **plus**

   15%       of any portion of the recovery amount exceeding $2,000,000.00.

   It is agreed and understood that this employment is on a contingency fee basis. If no recovery is made, I will not be indebted to my attorney for any sum whatsoever as to attorney's fees.

**COSTS ASSOCIATES WITH THE CASE**: I agree to pay for the costs of the investigation and evaluation and should it be necessary to institute suit, the court costs and associated costs of litigation, including but not limited to filing fees, depositions, service of process, legal research, xerox and photocopies, faxing, posting, expert witness fees, investigative services, nurse medical summaries, witnesses, medical records and report fees, medical and any other expert fees for trial testimony and depositions, and fees paid to third party vendors for medical timelining, CPT and billing, analysis and medical summaries of past and present medical records.

**It is understood and agreed that the costs are in addition to any attorney's fees that may be owed at the conclusion of the case. I agree to reimburse the FIRM for these costs from any gross recovery at the conclusion of the case or termination of representation. In the event that no recovery of money damages is obtained, then the**

**<u>FIRM shall not seek reimbursement of costs, as repayment is contingent upon the outcome of the matter.</u>**

**<u>PROBATE AND GAURDIANSHIP FEES</u>**: It may be necessary to retain the services of an additional law firm to handle either probate (estates) or guardianship matters. The FIRM does not perform those legal services. I hereby authorize the FIRM to retain the services of such other firm or firms as may be necessary for the proper handling of my case. I hereby agree to pay reasonable attorney's fees (usually on a fixed hourly fee schedule) and costs as may be necessary for my case. I hereby authorize the FIRM to retain from the proceeds of my recovery all funds necessary to pay such fees and costs.

**<u>RETAINING LIEN</u>**: In the event, for any reason, client chooses to end its representation and/or change representation to a different lawyer or law firm, the FIRM asserts a retaining lien on the file, so that the file shall not and will not be released to client or any third party until all costs incurred by the FIRM, up to the date of discharge, are paid in full.

### **<u>CLIENT COOPERATION</u>**

CLIENT AGREES to cooperate fully and completely with the FIRM in the preparation of this case.

CLIENT AGREES not to do any act that impairs the value of the case.

CLIENT AGREES not to settle the case without the FIRM's participation and consent.

CLIENT AGREES not to speak to others or consult other lawyers about the case.

### **<u>POWER OF ATTORNEY</u>**

CLIENT expressly grants power of attorney to the FIRM to endorse and deposit into trust any checks in the CLIENT's name, including but not limited to endorse all PIP checks and transmit payment directly to medical providers who have rendered services to CLIENT, and further authorizes the undersigned FIRM to deduct attorney's fees, costs and expenses, and to pay all hospital and medical expenses and liens from the CLIENT's share of recovery. Any unpaid bills or liens from hospitals, doctors, and other medical services not deducted from the recovery shall remain the CLIENT's obligation. CLIENT authorizes the FIRM to pay from CLIENT's portion of recovery, all unpaid charges incurred for or on behalf of the CLIENT at the time funds are due to CLIENT. The FIRM shall not be liable for failure, if any, to pay said debts on behalf of CLIENT.

### **<u>CANCELLATION OF THIS AGREEMENT</u>**

This contract may be canceled by written notification to the FIRM at any time within 3 business days of the date the contract was signed, as shown below, and if canceled the CLIENT shall not be obligated to pay any fees to the FIRM for the work performed

during that time. If the FIRM has advanced funds to others in representation of the CLIENT, the FIRM is entitled to be reimbursed for such amounts as the FIRM has reasonably advanced on behalf of the CLIENT.

I understand that this type of litigation is extremely time consuming and can be problematic with regards to chances of success. I further understand that these cases may take months to analyze, gather information, and to study. For these reasons, I recognize the right of the FIRM to withdraw from the case and return the file to me at its discretion, whenever the FIRM is of the opinion that the chances for success do not justify going forward.

CLIENT AGREES that from time-to-time it will be necessary for the FIRM to allow an attorney other than Justin Weinstein, Esq. or Danielle Zukowsky, Esq. to appear in Court. Also, that the FIRM may consult other counsel to perform any and all legal services as described in this agreement. CLIENT agrees that pleadings in this matter may list other law firms and/or attorneys as counsel of record. CLIENT also agrees that should the FIRM associate or consult with other counsel, fees earned will be shared based on agreement between the FIRM and other counsel.

CLIENT AGREES that the FIRM cannot promise or guarantee a particular result and no promise or representations have been made by the FIRM to CLIENT relating to the outcome of this claim. Furthermore, upon investigation, should the FIRM at any time wish to withdraw from this Retainer, the FIRM will have the right to do so.

CLIENT acknowledges that he/she has been advised to seek independent counsel to review this Agreement and CLIENT represents and warrants that he/she has done so prior to signing it or have expressly chosen not to seek independent advice.

**ARBITRATION**: **In the event that a disagreement or controversy arises between the undersigned client(s) and the FIRM, and/or co-counsel, relating to their representation, the terms and provisions of this Contingency Fee Contract and Retainer Agreement, or any other aspect of the relationship, then such disagreement or controversy shall be settled by binding arbitration, in accordance with Chapter 682 of the Florida Statutes, the Florida Arbitration Code. When such disagreement arises, any party may make a written demand for arbitration. In this event, each party will select an Arbitrator. The two Arbitrators will select a third. All Arbitrators shall be members in good standing of the Florida Bar. If the parties cannot agree within thirty (30) days as to the appointment of an Arbitrator, any party may request that the selection be made by a judge of the court having jurisdiction. Venue shall be in Broward County, Florida, and such application shall be made to a judge of the 17th Judicial Circuit in and for Broward County, Florida. Each party will: (1) pay the expenses they incur, (2) bear the expenses of the third Arbitrator equally. Unless both parties agree otherwise, the arbitration will be held in Broward County, Florida and local rules of law as to procedure and evidence will apply. A decision agreed by two of the Arbitrators will be binding.**

**FLORIDA BAR:** Should you as a client make any formal or informal complaints about the services rendered by the law firm or its agents, servants or employees, and the bar concludes there is or was no probable cause for same, then you the client, will be responsible for paying all the expenses incurred by the FIRM in defense of same, including any costs or time, or attorney's fees connected with same.

This agreement represents the full agreement between CLIENT and the FIRM. No other agreement, written or oral, exists, and discussions between CLIENT and the FIRM that are not set forth in this agreement are not part of this agreement. If CLIENT and the FIRM agree to change any term in this agreement, the agreed-to change must be in writing and signed by both parties.

The undersigned CLIENT has, before signing this contract, received and read the Statement of CLIENT's Rights and understands each of the rights set forth therein. CLIENT has signed that Statement and received a signed copy to refer to while being represented by the undersigned FIRM.

THIS AGREEMENT HAS BEEN FULLY EXPLAINED TO CLIENT(S). CLIENT(S) HAS/HAVE READ AND FULLY UNDERSTAND THIS AGREEMENT. CLIENT HAS BEEN PROVIDED A COPY OF THIS SIGNED CONTRACT AS WELL AS THE STATEMENT OF CLIENT'S RIGHTS.

Entered into on this __26__ day of __JUNE__, 20_19_.

_____
**CLIENT**


_____
**CLIENT**


**WEINSTEIN LEGAL**

___*Justin Weinstein*___
By: Justin Weinstein
For the Firm