**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:

HECTOR Y. FAGUNDO SERRANO,         Case No. 19-23676-AJC

                                                                       Chapter 7

      Debtor.

_____/

**TRUSTEE'S MOTION TO APPROVE SETTLEMENT**
**AND COMPROMISE OF PERSONAL INJURY CLAIM**

**Any interested party who fails to file and serve a written response to this Motion within 21 days after the date of service stated in this Motion shall, pursuant to Local Rule 9013-1(D), be deemed to have consented to the entry of an order in the form attached to this Motion. Any scheduled hearing may then be canceled.**

      MARCIA T. DUNN, as Chapter 7 Trustee for the above-captioned bankruptcy estate (the "Trustee"), pursuant to Federal Rule of Bankruptcy Procedure 9019 and Local Rule 9013-1(D), files this *Motion to Approve Settlement and Compromise of Personal Injury Claim* (the "Motion"), and in support thereof, states as follows:

**Background**

      1.      On October 11, 2019 (the "Petition Date"), HECTOR Y. FAGUNDO SERRANO (the "Debtor"), commenced the instant bankruptcy case with the filing of a voluntary petition under Chapter 7, Title 11 of the United States Bankruptcy Code.

      2.      Marcia T. Dunn was appointed as the Chapter 7 Trustee of the Debtor's bankruptcy estate (the "Estate").

      3.      On November 14, 2019, the Debtor's 11 U.S.C. § 341 Meeting of Creditors was held and concluded.

4.  Prior to the Petition Date, on or about June 26, 2019, the Debtor retained Justin Weinstein, Esquire and Weinstein Legal (collectively "Weinstein Legal") to pursue a personal injury claim on his behalf on a contingent fee basis (the "Claim").

5.  The Claim was scheduled on the Debtor's Amended Schedule A/B line 34 [D.E. 10].

6.  As a result of the filing of the bankruptcy petition, the Claim became property of the Estate pursuant to 11 U.S.C. § 541.

7.  On January 17, 2020 the Trustee filed an *Application to Justin Weinstein Esquire and Weinstein Legal, as Special Counsel to the Estate Nunc Pro Tunc to October 11, 2019* (the "Application to Employ Special Counsel") [D.E. 26], and on February 12, 2020, an Order granting the Trustee's Application to Employ Special Counsel was entered by the Court [D.E. 31].

8.  Since their retention, Weinstein Legal has diligently prosecuted the Claim, and has received a settlement offer, (the "Settlement"), which the Trustee believes is in the best interest of the Estate.

9.  Pursuant to the terms of the proposed Settlement, the Defendant has agreed to pay and the Trustee has agreed to accept, pending this court's approval, the gross sum of **$7,100.00 (Seven Thousand, One Hundred Dollars)**, (the "Settlement Amount") to settle the Claim in full.

10. Trustee seeks this Court's approval to:

   a.  Accept the Settlement and the Settlement Amount;

   b.  Make certain disbursements for the attorney's fees of Special Counsel, outstanding costs advanced by Special Counsel, and medical lien settlements as reflected in the proposed Closing Statement, a copy of which is attached hereto as **Exhibit "A"** and incorporated by reference.

   c. Execute documents necessary to effectuate the Settlement, including but not limited to a release.

## Legal Standard for Settlement

11. Bankruptcy Rule 9019(a) provides: "On motion . . . and after a hearing on notice to creditors, the debtor . . . and to such other entities as the court may designate, the court may approve a compromise or settlement."[1]

12. As this Court has previously found, "approval of a settlement in a bankruptcy proceeding is within the sound discretion of the Court, and will not be disturbed or modified on appeal unless approval or disapproval is an abuse of discretion." *In re Arrow Air, Inc.*, 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988) (Cristol, J.) (citing *Rivercity v. Herpel (In re Jackson Brewing Co.)*, 624 F.2d 599, 602-03 (5th Cir. 1980); *Anaconda-Ericsson, Inc. v. Hessen (In re Teltronics Servs., Inc.)*, 762 F.2d 185, 189 (2d Cir. 1985); *In re Prudence Co.*, 98 F.2d 559 (2d Cir. 1938), cert. denied sub nom. *Stein v. McGrath*, 306 U.S. 636 (1939)). 185, 189 (2d Cir. 1985); *In re Prudence Co.*, 98 F.2d 559 (2d Cir. 1938), cert. denied sub nom. *Stein v. McGrath*, 306 U.S. 636 (1939)).

13. The test is whether the proposed settlement "falls below the 'lowest point in the range of reasonableness.'" *Arrow Air*, 85 Bankr. 891 (quoting *Teltronics Servs.*, 762 F.2d 189; *Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir.), cert. denied, 464 U.S. 822 (1983)).

---

[1] Rule 9013-1(D) of the Local Bankruptcy Rules for the Southern District of Florida permits inter alia relief without the need for a hearing.

14. According to the United States Eleventh Circuit Court of Appeals, when a bankruptcy court decides whether to approve or disapprove a proposed settlement, it must consider:

    a. the probability of success in the litigation;

    b. the difficulties, if any, to be encountered in the matter of collection;

    c. the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and

    d. the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II. Ltd.)*, 898 F.2d 1544 (11th Cir. 1990). *See Jackson Brewing*, 624 F.2d 602, quoted in *Arrow Air*, 85 B.R. 891.

15. The Trustee believes that the proposed Settlement meets the standards set forth in *In re Justice Oaks II*, and therefore, recommends approval of the Settlement because it is fair and reasonable, falls within the reasonable range of possible litigation outcomes, and is in the best interest of the Estate because full settlement precludes any risks associated with further litigation and collection in this matter, increases the dividend available to creditors, and allows for a distribution of sums and proceeds within a reasonable time.

**WHEREFORE**, Marcia T. Dunn, as Chapter 7 Trustee of the Bankruptcy Estate of Hector Y. Fagundo Serrano respectfully requests this Honorable Court enter an Order in substantially the form attached hereto as **Exhibit "B"**: (1) granting the instant Motion; (2) approving the Settlement; (3) approving disbursements as reflected hereinabove (4) authorizing the Trustee to execute documents as necessary to effectuate the Settlement; and (5) granting such other and further relief as this Court deems just and proper.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished on May 12, 2020, to the parties who are currently on the list to receive e-mail notice/service for this case, and via U.S. Mail to all parties of record on the attached service list.

       Respectfully submitted,

       **DUNN LAW, P.A.**
       *Counsel for Marcia T. Dunn, Trustee*
       66 West Flagler Street, Suite 400
       Miami, Florida 33130
       Tel: 786-433-3866
       Fax: 786-260-0269
       michael.dunn@dunnlawpa.com

  By:  */s/ Michael P. Dunn*
       Michael P. Dunn, Esq.
       Florida Bar No. 100705

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113C-1<br>Case 19-23676-AJC<br>Southern District of Florida<br>Miami<br>Tue May 12 09:04:09 EDT 2020 | Bank of America<br>4909 Savarese Circle<br>Fl1-908-01-50<br>Tampa, FL 33634-2413 | Geico General Insurance Company<br>c/o Yates & Schiller, P.A.<br>7900 Glades Road<br>Suite 405<br>Boca Raton, FL 33434-4104 |
| Gertrude Jones<br>11901 NW 13 Court<br>Hollywood, FL 33026-2557 | Hyundai Motor Finance<br>Attn: Bankruptcy<br>Po Box 20829<br>Fountain City, CA 92728-0829 | JetStream FCU<br>Attn: Bankruptcy<br>Po Box 5487<br>Miami Lakes, FL 33014-1487 |
| Julie Yates<br>7900 Glades Road, Suite 405<br>Boca Raton, FL 33434-4104 | LVNV Funding, LLC<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 | LVNV Funding/Resurgent Capital<br>Attn: Bankruptcy<br>Po Box 10497<br>Greenville, SC 29603-0497 |
| Midland Funding<br>2365 Northside Dr Ste 300<br>San Diego, CA 92108-2709 | Midland Funding LLC<br>c/o Molly Fitzpatrick, Esq<br>PO Box 290335<br>Tampa, FL 33687-0335 | Nelly Leon<br>7662 N Southwood Circle<br>Davie, FL 33328-3851 |
| Office of the US Trustee<br>51 S.W. 1st Ave.<br>Suite 1204<br>Miami, FL 33130-1614 | (p)PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 | Hector Y Fagundo Serrano<br>9981 NW 135th Street<br>Hialeah Gardens, FL 33018-1602 |
| Justin Weinstein<br>713 E Broward Blvd #R<br>Fort Lauderdale, FL 33301-2015 | Marcia T Dunn<br>66 West Flagler Street, Ste 400<br>Miami, FL 33130-1807 | Robert Sanchez Esq<br>355 W 49 St.<br>Hialeah, FL 33012-3715 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Portfolio Recovery
Attn: Bankruptcy
120 Corporate Blvd
Norfold, VA 23502


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | |
|---|---|
| (u)Miami | End of Label Matrix<br>Mailable recipients    17<br>Bypassed recipients     1<br>Total                  18 |