**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:

HECTOR Y. FAGUNDO SERRANO,                Case No. 19-23676-AJC
                                          Chapter 7

Debtor.
_____/

**SUMMARY OF FIRST AND FINAL APPLICATION FOR ALLOWANCE**
**AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF**
**EXPENSES TO DUNN LAW, P.A., AS COUNSEL TO MARCIA T. DUNN,**
**CHAPTER 7 TRUSTEE FOR THE ESTATE OF HECTOR Y. FAGUNDO SERRANO**

| | |
|---|---|
| Name of Applicant: | **Michael P. Dunn, Esq. and Dunn Law, P.A.** |
| Role of Applicant: | Counsel to Marcia T. Dunn as Chapter 7 Trustee |
| Name of Certifying Professional: | Michael P. Dunn, Esq. |
| Date Case Filed (Petition Date): | October 11, 2019 |
| Date of Application for Employment: | December 2, 2019 [D.E. 17] |
| Date of Order Approving Employment: | December 4, 2019 [D.E. 18] |
| Date of This Application: | July 30, 2020 |
| Dates of Services Covered in This Application: | December 2, 2019 through July 30, 2020 |
| | |
| Total Funds Recovered for the Benefit of the Estate | $7,100.00 |
| | |
| **Fees** | |
| Gross Fees Requested Under This Application: | $4,707.00 |
| Voluntary Fee Reduction: | ($2,307.00) |
| Net Fees Requested Under This Application: | $2,400.00 |
| **Expenses** | |
| Total Reimbursement of Expenses Requested This Application | $63.50 |
| **Net Award Requested:** | **$2,463.50** |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:

HECTOR Y. FAGUNDO SERRANO,                    Case No. 19-23676-AJC
                                              Chapter 7

Debtor.

_____/

**FIRST AND FINAL APPLICATION FOR ALLOWANCE AND PAYMENT**
**OF COMPENSATION AND REIMBURSEMENT OF EXPENSES TO DUNN**
**LAW, P.A., AS COUNSEL TO MARCIA T. DUNN, CHAPTER 7 TRUSTEE**
**FOR THE ESTATE OF HECTOR Y. FAGUNDO SERRANO**

Michael P. Dunn, Esq. and Dunn Law, P.A. (the "Applicant") as counsel to Marcia T.

Dunn, Chapter 7 Trustee (the "Trustee") for the bankruptcy estate of HECTOR Y. FAGUNDO

SERRANO, applies for final compensation of fees for services rendered and reimbursement of

costs incurred in this Chapter 7 proceeding (the "Application").  This Application is filed

pursuant to 11 U.S.C. § 330 and Bankruptcy Rule 2016(a) and meets all of the requirements set

forth in the *Guidelines on Fee Applications for Professionals in the Southern District of Florida*

(the "Guidelines") incorporated in Local Rule 2016-1(B)(1).

In accordance with the Guidelines, the following exhibits are annexed to this Application:

**Exhibits "1-A" and "1-B"** – Summaries of Professional and Paraprofessional Time

**Exhibit "2"** – Summary of Requested Reimbursement of Expenses

**Exhibit "3"** – Applicant's complete time records, in chronological order, by category

code, for the time period covered by this Application.  The requested fees are itemized to the

tenth of an hour.

**BACKGROUND**

On October 11, 2019, (the "Petition Date"), HECTOR Y. FAGUNDO SERRANO (the

"Debtor") commenced the instant bankruptcy case with the filing of a voluntary petition under Chapter 7, Title 11 of the United States Bankruptcy Code.

Marcia T. Dunn is the duly appointed Chapter 7 Trustee of the Debtor's bankruptcy estate (the "Estate").

On November 14, 2019, the Debtor's § 341 Meeting of Creditors (the "341 Meeting") was held and concluded.

 On November 15, 2019, the Trustee file a Report of No Distribution [D.E. 11], and on November 21, 2019, the Report of No Distribution was withdrawn by the Trustee [D.E. 16].

On December 4, 2019, upon application by the Trustee [D.E. 17], this Court entered an *Order Granting Ex-Parte Application for Approval of Employment of Michael P. Dunn and Dunn Law, P.A. as Counsel to Marcia T. Dunn, Chapter 7 Trustee* [D.E. 18].

The Applicant submits this Application, pursuant to 11 U.S.C. §§ 328, 330, 331 and 503(b), Fed.R.Bankr.P. 2016 and the Guidelines.

The Applicant requests an award of legal fees and the reimbursement of expenses incurred by the Applicant for services rendered, as counsel to the Trustee, in the amount of **$4,770.50** comprised of (a) **$4,707.00** for services rendered during the period of December 2, 2019 through July 30, 2020 (the "Application Period"); and (b) **$63.50** as reimbursement for the actual and necessary expenses incurred by the Applicant during the Application Period.

This request is the Applicant's first and final application to the Court for compensation and reimbursement of expenses for services rendered as counsel to the Trustee. As a result of total recoveries made to date, the Applicant is making this request for compensation and submits that funds are available to pay the fees requested herein.  No understanding exists between the Applicant and any other person for the sharing of compensation sought by this Applicant, except among the partners and associates of the Applicant.

The Applicant has expended a total of **18.10** hours during the Application Period in rendering necessary and beneficial legal services to the Trustee.  **Exhibits "1-A" and "1-B"** contain a list of the Applicant's professionals and paraprofessionals who have provided services to the Trustee during the Application Period, the hourly rate charged by each and a summary of time expended by each as well as a summary of professional and paraprofessional time by activity code as required by, and in compliance with, the Guidelines.  **Exhibit "2"** contains a summary of the Applicant's total actual and necessary out-of-pocket expenses and disbursements, on behalf of the Trustee, for which the Applicant seeks reimbursement in accordance with 11 U.S.C. § 330(a)(2), the Bankruptcy Rules and the Guidelines.  The expenses and disbursement summarized in **Exhibit "2"** are those which the Applicant typically would invoice to its non-bankruptcy clients.

The majority of work in this case was performed by Michael P. Dunn, Joel S. Knee, Barry S. Turner and their paralegal and legal support staff.  **Exhibit "3"** contains: (i) a daily description of the services rendered and the hours expended by the attorney and paraprofessionals of the Applicant who performed services in this case on behalf of the Trustee; and (ii) a detailed schedule listing of the expenses and disbursements for which the Applicant seeks reimbursement. The Applicant has prepared **Exhibit "3"** based on, among other things, contemporaneous daily time records maintained by the Applicant's attorneys and paraprofessionals who rendered services in this case.

Applicant believes that the requested fees and costs, which total **$4,770.50** are reasonable[1] considering the twelve (12) factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), made applicable to bankruptcy proceedings by *In re*

---

[1] However, for the Benefit of the Estate, Applicant takes a voluntary reduction of $2,307.00 in fees for a total fee request of $2,400.00, plus full reimbursement of costs.

*First Colonial Corp.*, 544 F.2d 1291 (5th Cir. 1977).

## INDEXING OF TASKS BY ACTIVITY / CATEGORY CODES

As set forth in the exhibits to this Application, the Applicant has organized its time records by activity category codes in accordance with the Guidelines. Accordingly, each of the time entries of the attorneys and paraprofessionals of the Applicant have been indexed into the categories listed below.

> **Case Administration:** Coordination and compliance activities, including, but not limited to: correspondence with the Trustee; general creditor inquiries; and other tasks not otherwise indexed by activity code.

> **Asset Analysis & Recovery:** Identification and review of potential assets including causes of action and non-litigation recoveries.

> **Fee/Employment Application:** Preparation of employment and fee applications for self; motions to establish interim procedures.

## SUMMARY OF SERVICES PERFORMED

The following is a Summary of Services Performed on behalf of the Trustee in connection with this case:

**<u>Case Administration.</u>**  During the Application Period, the Applicant assisted and counseled the Trustee with regards to matters concerning all aspects of the administration of this case and conducted numerous conferences with the Trustee, and other parties-in-interest with regards to the general status of the Chapter 7 case. Applicant participated in discussions, collaborated with various parties, and reviewed documents and information concerning the pre-petition activities of the Debtor to ascertain the financial position and obligations of the Debtor.

Applicant has expended **3.6 hours** totaling **$582.50** in fees under this Application in the routine management and monitoring of this case as well as ministerial functions such as the preparation and filing of certificates of service.

**Asset Analysis and Recovery.** The Debtor had a pre-petition personal injury claim (the "Claim"), and as a result of the bankruptcy filing, the Claim became property of the Estate and the Trustee asserted the Estate's right to the Claim.

Upon the retention of the Applicant as counsel to the Trustee in December 2019, Applicant assisted special counsel with the prosecution of the Claim, in addition to reviewing, analyzing, and negotiating a consensual resolution between all involved parties.

Pursuant to the settlement reached between the parties, the defendant agreed to pay the Trustee a gross sum of **$7,100.00**, as full settlement of the Claim. The settlement is more fully set forth in the *Motion to Approve Stipulation to Compromise Controversy* [D.E. 36].

Applicant has expended **10.5 hours** totaling **$2,997.00** in fees under this Application with respect to Asset Analysis and Recovery.

**Fee/Employment Application.** Applicant assisted with the preparation and filing of retention application, declaration and order on behalf of: (i) the Applicant, as counsel to the Trustee; and (ii) Justin Weinstein, Esquire and Weinstein Legal, as special counsel to the Trustee.

Applicant has expended **4.5 hours** totaling **$1,215.00** in fees under this Application in the preparation, review and filing of retention pleadings upon internal conflict check, and in the preparation and review of this Application.

## EVALUATION OF SERVICES RENDERED

This Application has presented the nature and extent of the professional services the Applicant has rendered in connection with its representation of the Trustee for which the Applicant seeks compensation. The recitals set forth in the daily dairies attached hereto constitute only a summary of the time spent.

Under the Bankruptcy Code, the applicable legal standard for determining reasonable compensation is set forth in 11 U.S.C. § 330, which states that reasonable compensation shall be based on the nature, the extent, and the value of such services, the time spent on such services, and the cost of comparable services other than in a case under Title 11 of the United States Code, and reimbursement for actual, necessary expenses incurred.

In *American Benefit Life Ins. Co. v. Baddock (In re First Colonial Corp.)*, 544 F.2d 1291 (5th Cir.), *cert denied*, 431 U.S. 904 (1977), the court enumerates twelve factors a bankruptcy court should evaluate in awarding fees. *First Colonial* remains applicable in the Eleventh Circuit to the determination of reasonableness of fees to be awarded under the Bankruptcy Code. Grant *v. George Schumann Tire & Battery Company,* 908 F.2d 874 (11th Cir. 1990); *Collier on Bankruptcy* & 330.05[2][a] at 330-33 through 330-37 (L. King 15th ed. 1991); *See also Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981). The twelve factors are:

(1) The time and labor required;

(2) The novelty and difficulty of the questions presented;

(3) The skill required to perform the legal services properly;

(4) The preclusion from other employment by the attorney due to acceptance of the case;

(5) The customary fee for similar work in the community;

(6) Whether the fee is fixed or contingent;

(7) The time limitations imposed by the client or circumstances;

(8) The amount involved and results obtained;

(9) The experience, reputation and ability of the attorneys;

(10) The undesirability of the case;

(11) The nature and length of the professional relationship with the client; and

(12) Awards in similar cases.

*First Colonial*, 544 F.2d at 1298-99.

Based on the standards set forth in 11 U.S.C. § 330 and *First Colonial*, the Applicant believes that the fair and reasonable value of its services rendered during the period covered by this Application is the total amount of **$2,400.00** (which includes a voluntary reduction of $2,307.00),, plus expenses of **$63.50**.  Dunn Law, P.A. respectfully requests that it be granted all fees and expenses requested herein based on the nature and results of its representation of the Trustee, the time invested in this case, and the necessity and reasonableness of the fees and expenses incurred.

## The Time and Labor Required

The foregoing summary, together with the exhibits attached hereto, details the time, nature and extent of the professional services of the Applicant rendered for the benefit of the Estate during the period covered by this Application. The total number of hours expended (18.1) reveals the time devoted to this matter by the Applicant which have arisen in this case during the period covered by this Application.  **Exhibit "1"** reflects the time actually expended by the Applicant.

## The Novelty and Difficulty of the Services Rendered

The issues which have arisen in this case during the period encompassed by this Application presented matters that required the services and skill of an experienced bankruptcy attorney. The Applicant spent considerable time reviewing or drafting discovery, pleadings and documents.

## Skill Requisite to Perform Services Properly

In rendering services to the Trustee, the Applicant demonstrated substantial legal skill and expertise in the areas of bankruptcy, commercial law, Debtors-creditor rights, secured transactions, and negotiation.

## The Preclusion of Other Employment by Applicant Due to Acceptance of Case

The Applicant devoted substantial time in the representation of the Chapter 7 Trustee as more fully appears on **Exhibit "3."**  The Applicant is aware of no other specific employment which was precluded as a result of its accepting this case, but had the Applicant not accepted this employment, the time spent in the case would have been spent on other matters which would pay an hourly compensation on a current basis.

## The Customary Fee

The hourly rate charged by the Applicant as set forth in **Exhibits "1" and "2**"  ranges from $400 to $425 per hour for the attorneys and $175 to $215 per hour for the paraprofessionals, throughout the Application Period, which is customary for professionals and paraprofessionals in the Southern District of Florida of similar skill and experience.

## Whether Fee is Fixed or Contingent

The Applicant's compensation in this matter is subject to approval of the Court and therefore contingent. The Court should consider this factor, which militates in favor of a fee award in the amount requested. The amount requested is consistent with the fee which the Applicant would charge its clients in other non-contingent, bankruptcy and commercial cases.

## Time Limitations Imposed By Client or Other Circumstances

The services performed by the Applicant were performed under time constraints imposed by the Chapter 7 Trustee.   Therefore, time had to be expended within short periods of time to

produce pleadings, review documents and perform research in connection with the examination of the Debtors, and to prepare settlement documents predicated upon the Chapter 7 Trustee's proposed actions to resolve the issues in this Estate.  The circumstances of this case occasionally imposed serious time constraints on the Applicant due to the necessity for rapid resolution of significant issues.

### The Experience, Reputation, and Ability of Applicant

The Applicant is well-known and the attorney working on this case is experienced in matters of this kind.  Undersigned counsel has significant bankruptcy experience and has appeared numerous times before this Court on other matters.  The Applicant's reputation and abilities are well known to this Court.  The Applicant enjoys a fine reputation and has demonstrated substantial ability in the fields of bankruptcy, litigation, and creditors' rights.

### Undesirability of the Case

The representation of the Chapter 7 Trustee and of this case was in no way undesirable. The Applicant is privileged and honored to have the opportunity to represent the Trustee and to appear before the Court in this case.

### Nature and Length of Professional Relationship with Client

The Applicant has represented the Trustee in many other bankruptcy cases and matters wholly unrelated to the Debtor or this case.

### Awards in Similar Cases

The amount requested by the Applicant is reasonable in terms of awards in cases of similar magnitude and complexity.  The compensation which the Applicant requests comports with the mandate of the Bankruptcy Code, which directs that services be evaluated in light of comparable services performed in non-bankruptcy cases in the community. The fees incurred by

the Applicant ($4,707) reflect an average hourly rate of $260 for 18.1 hours of service. Considering the results obtained during the periods covered by this Application, this rate is appropriate.

## CONCLUSION

    **WHEREFORE**, the Applicant respectfully requests the Court to enter an order (i) awarding the Applicant the sum of **$2,400.00** as compensation for services rendered, and **$63.50** as reimbursement for actual and necessary expenses incurred during the course of Applicant's representation of the Trustee during the Application Period; (ii) authorizing and directing the Trustee to pay the Applicant the aggregate sum of **$2,463.50** upon entry of an Order awarding the fees requested in this Application; (iii) granting such further relief the Court deems just and proper.

Dated: July 30, 2020                Respectfully submitted,

                                        **DUNN LAW, P.A.**
*Counsel for Marcia T. Dunn, Chapter 7 Trustee*
66 West Flagler Street, Suite 400
Miami, Florida 33130
Phone: (786) 433-3866 | | Fax: (786) 260-0269
michael.dunn@dunnlawpa.com

By: /s/ *Michael P. Dunn*
      Michael P. Dunn, Esq.
      Florida. Bar No. 100705


## <u>CERTIFICATE OF SERVICE</u>

    **I HEREBY CERTIFY** that on July 30, 2020, a true and correct copy of the foregoing was served via the Court's CM/ECF electronic transmission system to all interested parties who are currently on the list to receive e-mail notice and service for this case.

                    By: /s/ *Michael P. Dunn*
                       Michael P. Dunn, Esq.
                       Florida. Bar No. 100705

**EXHIBIT 1-A**
**Summary of Professional and Paraprofessional Time**

| Name of Paraprofessional | Total Hours | Hourly Rate* | Total Fees |
|---|---|---|---|
| Michael P. Dunn, Esq. | 3.4 | $400-425 | $1,422.50 |
| Barry S. Tuner, Esq. | 0.6 | $425 | $255.00 |
| Joel S. Knee, Esq. | 1.8 | $425 | $765.00 |
| Maria D. Zucker, Paralegal | 6.3 | $215 | $1,354.50 |
| Rosa Basnueva, Legal Assistant | 6.0 | $175 | $910.00 |
| **TOTALS** | **18.1 Hours** | **($260/Blended)** | **$4,707.00** |

**EXHIBIT 1-B**
**Summary of Professional and Paraprofessional Time By Activity Code Category**

**ACTIVITY CODE CATEGORY:  FEE/EMPLOYMENT APPLICATIONS**

| Name of Professional/Para | Total Fees | Total Hours | Hourly Rate |
|---|---|---|---|
| Michael P. Dunn, Esq. | $505.00 | 1.2 | $400-425 |
| Barry S. Turner, Esq. | $255.00 | 0.6 | $425 |
| Rosa Basnueva, Legal Assistant | $455.00 | 2.7 | $175 |
| **TOTALS** | **$1,215.00** | **4.5** | |

**ACTIVITY CODE CATEGORY:  ASSET ANALYSIS & RECOVERY**

| Name of Professional/Para | Total Fees | Total Hours | Hourly Rate |
|---|---|---|---|
| Michael P. Dunn, Esq. | $790.00 | 1.9 | $400-425 |
| Joel S. Knee, Esq. | $765.00 | 1.8 | $425 |
| Maria D. Zucker, Paralegal | $1,354.50 | 6.3 | $215 |
| **TOTALS** | **$2,909.50** | **10.0** | |

**ACTIVITY CODE CATEGORY:  CASE ADMINISTRATION**

| Name of Paraprofessional | Total Fees | Total Hours | Hourly Rate |
|---|---|---|---|
| Michael P. Dunn, Esq. | $127.50 | 0.3 | $400-425 |
| Rosa Basnueva, Legal Assistant | $455.00 | 3.3 | $175 |
| **TOTAL** | **$582.50** | **3.6** | |

*Rates subject to annual change

**<u>EXHIBIT 2</u>**

**Summary of Requested Reimbursement of Expenses**

| | |
|---|---:|
| Filing Fees and Electronic Court Filing Charges | $0.00 |
| Process Service Fees | $0.00 |
| Witness Fees | $0.00 |
| Court Reporter Fees and Transcripts | $0.00 |
| Certification of Pleading Documents | $0.00 |
| Photocopies (In-House) 63 pages @ $0.15 | $9.45 |
| Photocopies/Mailing (Outsourced) | $36.00 |
| Postage | $18.05 |
| Overnight Delivery Charges | $0.00 |
| Outside Courier/Messenger Services | $0.00 |
| Long Distance Calls | $0.00 |
| Facsimile Transmissions | $0.00 |
| Computerized Legal Research | $0.00 |
| Out of District Travel | $0.00 |
| Other Permissible Expenses | $0.00 |
| **TOTAL EXPENSE REIMBURSEMENT** | **$63.50** |

## CERTIFICATION

1.      I am the professional with responsibility in this case for compliance with the current "*Guidelines on Fee Applications for Professionals in the Southern District of Florida*" (the "Guidelines").

2.      I have read the application for compensation and reimbursement of expenses (the "Application").  The Application complies with the Guidelines, and the fees and expenses sought fall within the Guidelines, except as specifically noted in this certification and described in the Application.

3.      The fees and expenses sought are billed at rates and in accordance with the practices customarily employed by the Applicant and generally accepted by the Applicant's clients.

4.      In seeking reimbursement for the expenditures, the Applicant is seeking reimbursement only for the actual expenditure and has not marked up the actual cost to provide a profit or to recover the amortized cost of investment in staff time or equipment or capital outlay (except to the extent that the Applicant has elected to charge for in-house photocopies and outgoing facsimile transmissions at the maximum rates permitted by the Guidelines).

5.      In seeking reimbursement for any service provided by a third party, the Applicant is seeking reimbursement only for the amount actually paid by the Applicant to the third party.

6.      There are no variances in the Application with the provisions of the Guidelines.

                                        */s/ Michael P. Dunn*
                                        Michael P. Dunn, Esq.
                                        Florida Bar No. 100705



# Dunn Law PA

| | |
|---|---|
| Date: | 7/30/2020 |
| Case No.: | 19-23676-AJC |
| Matter: | Serrano, Hector Y. Fagundo |

66 West Flagler Street
Suite 400
Miami, 33130

## Time Entries

| Time Entries | Billed By | Rate | Hours | Sub |
|---|---|---|---|---|
| **Manage data/files**<br>12/2/2019<br>Receipt and review of email from Trustee regarding new asset case; create case e-file folder; create billing matter; revise asset analysis chart with initial case information; review petition schedule D; calendar all necessary deadlines. | RB | $175.00 | 0.50 | $87.50 |
| **Draft/revise**<br>12/2/2019<br>Draft, revise firm employment application; circulate same for execution. | RB | $175.00 | 0.40 | $70.00 |
| **Review / Revise**<br>12/2/2019<br>Review and revise employment application; execute employment affidavit. | MPD | $400.00 | 0.20 | $80.00 |
| **Review / Revise**<br>12/2/2019<br>Review, revise, Application to Employ Dunn Law as Counsel to Chapter 7 Trustee. | RB | $175.00 | 0.20 | $35.00 |
| **Communicate (other outside counsel)**<br>12/3/2019<br>Email to Justin Weinstein, Esq regarding personal injury claim of Debtor, and his possible representation of the Trustee as special counsel. | JSK | $425.00 | 0.70 | $297.50 |
| **Review/analyze**<br>12/3/2019<br>Review Trustee's initial case analysis; additional review and analysis of Debtor's schedules and case filing, including review of recent auto accident report. | MDZ | $215.00 | 2.00 | $430.00 |

| Time Entries | Billed By | Rate | Hours | Sub |
|---|---|---|---|---|
| **Drafted**<br>12/3/2019<br>Drafted objection to exemptions, email to R. Basnueva regarding filing | JSK | $425.00 | 1.10 | $467.50 |
| **Certificate of Service**<br>12/4/2019<br>Review Order Granting Application to Employ Dunn Law as Trustee's Counsel [ECF No. 18]; Draft,Certificate of Service for same. | RB | $175.00 | 0.30 | $52.50 |
| **Review**<br>12/4/2019<br>Review case status and trustee's objection deadlines. | RB | $0.00 | 0.10 | $0.00 |
| **Review / Revise**<br>12/4/2019<br>Review, revise, Trustee's Objection to Claimed Exemptions and Motion for Turnover. | RB | $175.00 | 0.30 | $52.50 |
| **Certificate of Service**<br>12/4/2019<br>Review Notice of Hearing [ECF No. 21]; Draft Certificate of Service for same. | RB | $175.00 | 0.30 | $52.50 |
| **Communicate (other external)**<br>12/11/2019<br>Follow up email to Justin Weinstein, PI attorney for Debtor. | MDZ | $215.00 | 0.20 | $43.00 |
| **Correspondence**<br>12/12/2019<br>review correspondence with PI counsel regarding case update | MPD | $400.00 | 0.10 | $40.00 |
| **Review**<br>12/18/2019<br>Review response from PI counsel regarding Debtor's auto accident claim. | MDZ | $215.00 | 0.20 | $43.00 |
| **Research**<br>12/18/2019<br>Review Debtor's bank statements, and email Debtor's counsel seeking additional documents and information. | MDZ | $215.00 | 0.70 | $150.50 |
| **Review/analyze**<br>12/18/2019<br>Brief review of schedules filed by Esther Serrano in relation to those filed by Hector Serrano, particularly in relation to joint vehicle ownership. | MDZ | $215.00 | 0.50 | $107.50 |
| **Communicate (other external)**<br>12/19/2019<br>Email from Debtor's counsel regarding documents and information requested. | MDZ | $215.00 | 0.10 | $21.50 |
| **Review/analyze**<br>12/19/2019<br>Review savings account statements and 2017 Chevy Malibu info received from Debtor's counsel. | MDZ | $215.00 | 0.30 | $64.50 |
| **Drafted**<br>12/30/2019<br>Drafted proposed agreed ex-parte order on Trustee's Objection to Debtor's Claimed Exemptions and Valuation of Scheduled Property, and Motion for Turnover of Non-Exempt Assets. | MDZ | $215.00 | 0.50 | $107.50 |

| Time Entries | Billed By | Rate | Hours | Sub |
|---|---|---|---|---|
| **Correspondence**<br>12/30/2019<br>Review file and schedules; review and reply to emails with Debtor's counsel regarding objection to exemption and motion for turnover; review revise proposed agreed order; emails exchanged with debtor's counsel regarding same | MPD | $400.00 | 0.60 | $240.00 |
| **Communicate (in firm)**<br>1/6/2020<br>Confer with MPD regarding hearing on Trustee's Objection to Claimed Exemptions. | RB | $0.00 | 0.10 | $0.00 |
| **Certificate of Service**<br>1/6/2020<br>Review Order on Trustee's (1) Objection to Debtor's Claimed Exemptions and Valuation of Scheduled Property, and (2) Motion for Turnover of Non-Exempt Assets [ECF No. 23]; Draft Certificate of Service for same. | RB | $175.00 | 0.30 | $52.50 |
| **Communicate (in firm)**<br>1/6/2020<br>Email to MPD and MDZ regarding upcoming 727 deadline. | RB | $0.00 | 0.10 | $0.00 |
| **Communicate (in firm)**<br>1/6/2020<br>Review deadline to object to discharge and employment of P.I. counsel. | MDZ | $215.00 | 0.20 | $43.00 |
| **Drafted**<br>1/7/2020<br>Drafted application to employ special counsel, proposed order and affidavit of special counsel; emailed same to MPD for approval. | RB | $175.00 | 1.00 | $175.00 |
| **Communicate (in firm)**<br>1/8/2020<br>Email to MPD regarding trustee's deadline to object to debtor's discharge. | RB | $0.00 | 0.10 | $0.00 |
| **Draft/revise**<br>1/13/2020<br>Review revise retention application for special personal injury counsel | MPD | $425.00 | 0.40 | $170.00 |
| **Communicate (other outside counsel)**<br>1/14/2020<br>Email to special counsel with copy of employment affidavit for execution. | RB | $175.00 | 0.10 | $17.50 |
| **Review / Revise**<br>1/14/2020<br>Review and revise affidavit of special counsel. | RB | $175.00 | 0.10 | $17.50 |
| **Emails**<br>1/14/2020<br>Emails exchanged with special counsel regarding revised employment affidavit. | RB | $175.00 | 0.10 | $17.50 |
| **Review / Revise**<br>1/17/2020<br>Review, revise Trustee's Application to Employ Special Counsel. | RB | $175.00 | 0.20 | $35.00 |
| **Certificate of Service**<br>1/17/2020<br>Review Notice of Hearing of Trustee's Application to Employ Special Counsel [ECF No. 27]; Draft, Certificate of Service for same. | RB | $175.00 | 0.20 | $35.00 |

| Time Entries | Billed By | Rate | Hours | Sub |
|---|---|---|---|---|
| **Emails**<br>1/17/2020<br>Emails exchanged with office of special counsel regarding employment. | RB | $0.00 | 0.10 | $0.00 |
| **Hearing Preparation**<br>2/10/2020<br>Prepared hearing binder for hearing on Application to Employ Special Counsel | BT | $425.00 | 0.60 | $255.00 |
| **Hearing Preparation**<br>2/10/2020<br>Prepared hearing binder for hearing on Trustee's Application to Employ Special Counsel. | RB | $175.00 | 0.10 | $17.50 |
| **Review / Revise**<br>2/11/2020<br>Review, and revise Order Granting Trustee's Application to Employ Special Counsel. | RB | $175.00 | 0.10 | $17.50 |
| **Plan and prepare for**<br>2/11/2020<br>Prepare for and attend hearing on application to employ special counsel | MPD | $425.00 | 0.60 | $255.00 |
| **Correspondence**<br>2/17/2020<br>Correspondence with special counsel regarding retention as SC and demand to defendant | MPD | $425.00 | 0.20 | $85.00 |
| **Certificate of Service**<br>2/17/2020<br>Review Order Granting Trustee's Application to Employ Special Counsel [ECF No. 31]; Draft Certificate of Service for same. | RB | $175.00 | 0.20 | $35.00 |
| **Review/analyze**<br>2/18/2020<br>Review documents responsive to Trustee's Rule 2004 Examination Duces Tecum, and email with Debtor's counsel for missing items. | MDZ | $215.00 | 0.80 | $172.00 |
| **Correspondence**<br>3/5/2020<br>Correspondence regarding PI claim and case administration | MPD | $425.00 | 0.20 | $85.00 |
| **Communicate (other external)**<br>3/18/2020<br>Re-review documents produced by Debtor, and email to Debtor's counsel seeking bank statements through year-end 2019 (no bank statements as of Petition Date provided). | MDZ | $215.00 | 0.20 | $43.00 |
| **Review**<br>4/9/2020<br>Review email from PI Counsel on status of claim and potential settlement. | MDZ | $215.00 | 0.10 | $21.50 |
| **Correspondence**<br>4/9/2020<br>Emails exchanged with personal injury counsel regarding settlement and process; discuss same and claims issues with MZ | MPD | $425.00 | 0.30 | $127.50 |
| **Review**<br>4/9/2020<br>Review schedules and amendments, and email Debtor's counsel for confirmation that all medical claims are scheduled and extend offer for Debtor to purchase the PI claim from the Estate. | MDZ | $215.00 | 0.20 | $43.00 |

| Time Entries | Billed By | Rate | Hours | Sub |
|---|---|---|---|---|
| Correspondence<br>4/9/2020<br>Additional correspondence with PI counsel; internal correspondence with MZ and RB regarding information from debtor | MPD | $425.00 | 0.20 | $85.00 |
| Correspondence<br>4/10/2020<br>correspondence with special counsel regaridng administering PI claim and settlement | MPD | $425.00 | 0.10 | $42.50 |
| Correspondence<br>4/13/2020<br>Correspondence with debtor's counsel regarding case issues. | MPD | $425.00 | 0.10 | $42.50 |
| Communicate (other external)<br>4/15/2020<br>Telephone call with Debtor's counsel regarding Debtor's rejection to purchase personal injury claim from the Estate. | MDZ | $215.00 | 0.20 | $43.00 |
| Communicate (in firm)<br>4/15/2020<br>Discuss setting claim bar date with respect to pending settlement of PI claim. | MDZ | $215.00 | 0.10 | $21.50 |
| Correspondence<br>4/21/2020<br>Correspondence with PI counsel regarding settlement | MPD | $425.00 | 0.20 | $85.00 |
| Communicate (in firm)<br>5/6/2020<br>Case status review with MDZ regarding preparation of personal injury settlement motion. | RB | $0.00 | 0.10 | $0.00 |
| Emails<br>5/6/2020<br>Emails exchanged with MPD regarding preparation of 9019 motion. | RB | $0.00 | 0.10 | $0.00 |
| Draft/Review/Revise<br>5/7/2020<br>Draft, review and revise motion and proposed for settlement of personal injury claim; emailed same to MPD for approval. | RB | $175.00 | 0.50 | $87.50 |
| Review / Revise<br>5/12/2020<br>Review, and revise Motion to Approve Settlement and Compromise of Personal Injury Claim. | RB | $175.00 | 0.20 | $35.00 |
| Review / Revise<br>6/3/2020<br>Review, and revise Order Granting trustee's Motion to Approve Settlement of Personal Injury Claim. | RB | $175.00 | 0.10 | $17.50 |
| Emails<br>6/3/2020<br>Emails exchanged with special counsel regarding status of case. | RB | $0.00 | 0.10 | $0.00 |
| Correspondence<br>6/3/2020<br>Review order on approval of PI settlement; correspondence with PI counsel regarding same | MPD | $425.00 | 0.20 | $85.00 |
| | | Time Entries Total | 18.10 | $4,707.00 |

| | Total (USD) | $4,707.00 |
|---|---|---|
| | Paid | $0.00 |
| | Balance | $4,707.00 |

## Timekeeper Totals

| Name | Rate | Hours | Total |
|---|---|---|---|
| RB | $151.67 | 6.00 | $910.00 |
| MPD | $418.38 | 3.40 | $1,422.50 |
| MDZ | $215.00 | 6.30 | $1,354.50 |
| BT | $425.00 | 0.60 | $255.00 |
| JSK | $425.00 | 1.80 | $765.00 |



# Dunn Law PA

| | |
|---|---|
| Date: | 7/30/2020 |
| Case No.: | 19-23676-AJC |
| Matter: | Serrano, Hector Y. Fagundo |

66 West Flagler Street
Suite 400
Miami, 33130

Expenses

| Expense | Price | Qty | Sub |
|---|---|---|---|
| Copying<br>12/2/2019<br>Application to Employ Dunn Law as Counsel to Chapter 7 Trustee. | $0.15 | 12.00 | $1.80 |
| Postage<br>12/2/2019<br>Application to Employ Dunn Law as Counsel to Chapter 7 Trustee. | $0.65 | 1.00 | $0.65 |
| Copying<br>12/4/2019<br>Order Granting Application to Employ Dunn Law as Trustee's Counsel [ECF No. 18]. | $0.15 | 4.00 | $0.60 |
| Postage<br>12/4/2019<br>Order Granting Application to Employ Dunn Law as Trustee's Counsel [ECF No. 18]. | $0.50 | 1.00 | $0.50 |
| Copying<br>12/4/2019<br>Trustee's Objection to Claimed Exemptions and Motion for Turnover and Notice of Hearing. | $0.15 | 5.00 | $0.75 |
| Postage<br>12/4/2019<br>Trustee's Objection to Claimed Exemptions and Motion for Turnover and Notice of Hearing. | $0.50 | 0.50 | $0.25 |
| Copying<br>1/6/2020<br>Order on Trustee's (1) Objection to Debtor's Claimed Exemptions and Valuation of Scheduled Property, and (2) Motion for Turnover of Non-Exempt Assets [ECF No. 23]. | $0.15 | 3.00 | $0.45 |
| Postage<br>1/6/2020<br>Order on Trustee's (1) Objection to Debtor's Claimed Exemptions and Valuation of Scheduled Property, and (2) Motion for Turnover of Non-Exempt Assets [ECF No. 23]. | $0.50 | 1.00 | $0.50 |

| Expense | Price | Qty | Sub |
|---|---|---|---|
| Copying<br>1/17/2020<br>Trustee's Application to Employ Special Counsel. | $0.15 | 15.00 | $2.25 |
| Postage<br>1/17/2020<br>Trustee's Application to Employ Special Counsel. | $0.65 | 1.00 | $0.65 |
| Copying<br>2/10/2020<br>Hearing binder documents for hearing on Trustee's Application to Employ Special Counsel. | $0.15 | 20.00 | $3.00 |
| Copying<br>2/17/2020<br>Order Granting Trustee's Application to Employ Special Counsel [ECF No. 31]. | $0.15 | 4.00 | $0.60 |
| Postage<br>2/17/2020<br>Order Granting Trustee's Application to Employ Special Counsel [ECF No. 31]. | $0.50 | 1.00 | $0.50 |
| Outside printing<br>5/12/2020<br>Motion to Approve Settlement of Personal Injury Claim. | $31.50 | 1.00 | $31.50 |
| Postage<br>5/12/2020<br>Motion to Approve Settlement of Personal Injury Claim. | $7.50 | 1.00 | $7.50 |
| Outside printing<br>6/3/2020<br>Order Granting Trustee's Motion To Approve Settlement and Compromise of Personal Injury Claim [ECF No. 37]. | $4.50 | 1.00 | $4.50 |
| Postage<br>6/3/2020<br>Order Granting Trustee's Motion To Approve Settlement and Compromise of Personal Injury Claim [ECF No. 37]. | $7.50 | 1.00 | $7.50 |
| **Expenses Total:** | | **72.50** | **$63.50** |

| | |
|---|---|
| Total (USD) | $63.50 |
| Paid | $0.00 |
| Balance | $63.50 |